UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Comest S. Allen, #013,<br>*f.k.a. Comest Sabatino Allen, #0359,*<br><br>                            Plaintiff,<br><br>vs.<br><br>James E. Dorriety; Scotty Boidford; Angello; Mandis; Chavdhary,<br><br>                           Defendants, | ) C/A No. 9:11-cv-305-HFF-BM<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Comest S. Allen, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee in the Greenville County Detention Center, and raises issues concerning living conditions in the jail. Plaintiff requests monetary damages against the Defendants, all officers of the Detention Center.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976);

1



*Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).

Even when considered under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal pursuant to 28 U.S.C. § 1915(g), as Plaintiff has failed to allege that any of the conditions that he complains of place him in imminent danger of serious injury.

## DISCUSSION

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, Title 28 U.S.C. § 1915(g) provides:

> (g) in no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This Court may take judicial notice of the fact that Plaintiff has previously filed three (3) cases which were dismissed and deemed strikes under § 1915(g) by this Court.[1] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(the court may take judicial notice of its own records); *see also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F2d 570, 572 (4th Cir. 1954)(approving trial court's taking judicial notice of proceedings had before it in prior suit

---

[1] *See Allen v. Powers*, C/A No.0: 00-3162-HMF (D.S.C. May 23, 2001) ECF No. 17 (defendant's motion for summary judgment granted, report and recommendation that case be deemed a strike adopted); *Allen v. Walsh*, C/A No. 0:03-590-HMH (D.S.C. Apr. 3, 2003) ECF No. 6 (summarily dismissed and deemed a strike); and *Allen v. Braswell*, C/A No. 0:03-591-HMH (D.S.C. Apr. 3, 2004) ECF No. 6 (summarily dismissed as frivolous and deemed a strike).

2



with same parties).  In light of Plaintiff's prior "strikes," he cannot proceed with the instant Complaint unless his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule.  *See Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998).  The Complaint does not fit within this exception, as Plaintiff does not allege any imminent danger of serious physical injury to himself.  Rather, it consists of simply a litany of complaints about the administration of the Greenville County Detention Center, its heating and cooling, its food service, the operation of its commissary, the handling of its prisoners' mail and money, its grievance system, and of Plaintiff's various dissatisfactions with the policy or performance of the Greenville County Clerk of Court's Office and Public Defender's Office.

In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'"  *Johnson v. Warner*, No. 05-7048, slip op. at 272, 200 Fed. App'x 270, 272 (4th Cir. 2006)(*quoting Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).  In addition, fact allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger."  *See Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008)("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical.").  *See also White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998)(vague or conclusory assertions of harm fail to raise a credible allegation of imminent danger).  Further, Congress intended that the danger must exist at the time the complaint is filed.  Therefore, the "imminent danger" exception does not apply to harms that have already occurred.  *See Malik v. McGinnis*, 293 F. 3d 559, 561-62 (2nd Cir. 2002)(*citing Abdul-Akbar v. McKelvie*, 239 F.



3d 307, 313 (3rd Cir. 2001)); *Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999); *Banos*, 144 F. 3d at 884. Plaintiff's allegations fail to meet these requirements.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra*; *Neitzke v. Williams, supra*; *Haines v. Kerner, supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); *Boyce v. Alizaduh, supra*; *Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].[2]

Plaintiff's attention is directed to the notice on the following page.

_____
Bristow Marchant
United States Magistrate Judge

February 25, 2011
Charleston, South Carolina

---

[2]Plaintiff may, of course, proceed with this action by choosing to pay the full court filing fee.



**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29401**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

